1

2                                                                                          "O"

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10   PAMELA CHASE,                          )   Case No. EDCV 07-1172 AN
                                            )
11            Plaintiff,                    )   ORDER AFFIRMING FINAL
                                            )   DECISION OF THE
12       v.                                 )   COMMISSIONER
                                            )
13   MICHAEL J. ASTRUE,                     )
     COMMISSIONER OF THE SOCIAL             )
14   SECURITY ADMINISTRATION,               )
                                            )
15            Defendant.                    )
                                            )
16   ─────────────────────────────

17        The Court now rules as follows with respect to the four disputed issues in the Joint

18   Stipulation ("JS").[1]

19                                     **Issue #1**

20        Plaintiff contends that the Administrative Law Judge ("ALJ") failed to consider the

21   May 15, 2005 psychiatric evaluation of Karen L. Banker, L.C.S.W. (JS 3.) However, the

22   Court notes the May 15, 2005 psychiatric evaluation was prepared by Guia Montenegro,

23   M.D., not Ms. Banker. (AR 334-335.) Both Dr. Montenegro and Ms. Banker treated

24   Plaintiff at the San Bernardino County Department of Behavioral Health.

25   ///

26

27   ───────────────────────

28   [1]   Both parties have consented to proceed before the undersigned Magistrate Judge. In
     accordance with the Court's Case Management Order, the parties have filed the JS and
     seek a dispositive order regarding the disputed issues set forth in the JS. The Court's
     decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

1    Plaintiff's contention fails for the reasons stated by the Commissioner in the JS.

2   (JS 4-7.)   That is, the ALJ properly considered and rejected the opinions of Plaintiff's

3   mental health providers based upon (1) the Plaintiff's lack of candor about her drug use

4   (*see* AR 17-18 *citing* AR 213 (denying substance abuse), 255 (used "speed" in the

5   1980s); 334 (stopped using "speed" in September of 2004), 355 (last used "speed" in

6   February 2005), 393 (last used "meth" in 2002)); and (2) the contradicting opinions of

7   Linda M. Smith, M.D. (AR 229 *et seq.*), and Reynaldo Abejuela, M.D. (AR 268 *et seq.*),

8   both of whom examined Plaintiff (AR 18).   *See Morgan v. Commissioner*, 169 F.3d 595,

9   602 (9th Cir. 1999) (where ALJ properly rejected claimant's credibility, ALJ may reject

10  opinions premised to a large extent upon the claimant's subjective complaints); *and*

11  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (non-treating physician's

12  opinions based on independent clinical findings constitute substantial evidence on which

13  the ALJ may rely to reject treating physician's opinions).

14                                      **Issue #2**

15    Plaintiff contends the ALJ failed to consider the March 16, 2005 clinical

16  assessment of Maria Escobedo,[2/] a clinical social worker.  (JS 8.)  Like Dr. Montenegro

17  and Ms. Banker, Ms. Escobedo was part of the treatment team at the San Bernardino

18  County Department of Behavioral Health.  (AR 358.)

19    The present contention fails for the same reasons set forth above, i.e., the ALJ

20  properly rejected the opinions of Plaintiff's treating mental health providers, including

21  Ms. Escobedo.

22                                      **Issue #3**

23    Plaintiff contends the ALJ did not properly consider the lay witness statements of

24  Lynn Gross, a former neighbor.  (JS 10.)  Gross did not testify.  Instead, Gross's

25  statements were contained in a Third Party Function Report that she prepared on October

26  28, 2004.  (AR 96 *et seq.*)  Gross stated Plaintiff was unable to pay bills, cannot handle

27

28  [2/]    Plaintiff incorrectly refers to Ms. Escobedo as "Escobor."  (JS 8 *see* AR 358.)

a savings account, and is unable to use a checkbook or money orders, needed to be reminded to go places, and that she had problems getting along with people.  However, Ms. Gross had nothing to say about causation.

An ALJ must consider lay witness testimony concerning a claimant's ability to work and give germane reasons for discrediting this testimony. *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). However, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056; *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

Ms. Gross's statements are not entitled to the same weight as sworn lay witness testimony because they constitute unsworn rank hearsay.  Nonetheless, even assuming, without finding, the ALJ erred by failing to give germane reasons for rejecting Ms. Gross's statements, the Court finds the error was harmless.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.")   The Court finds it can confidently conclude that no reasonable ALJ could have reached a different disability determination in light of the substantial evidence of Plaintiff's rather long and substantial history of methamphetamine abuse.  In this regard, the ALJ did state that, even if he had found that Plaintiff was disabled, she would not qualify for disability benefits because he would have found Plaintiff's methamphetamine usage was a contributing factor to his finding of disability.  (AR 19.) As the Commissioner correctly observes in his opposing contentions at page 12 of the JS, the Social Security Act specifically provides that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); see also 20 C.F.R. §§ 404.1535, 416.935 (2007).

1

**Issue #4**

2       Plaintiff contends that the ALJ improperly failed to discuss the side effects of her

3   medications, specifically the drowsiness caused by Zoloft and Busiporine. (JS 13.)  This

4   contention fails for the reasons set forth provided by the Commissioner, i.e., because,

5   contrary to Plaintiff's allegations, the ALJ specifically discussed and properly rejected

6   Plaintiff's claim of fatigue and her credibility.  (JS 14-15; *see* AR 17-18.)

7                                    **Conclusion**

8       Based upon the foregoing, the Court finds the Commissioner's final decision is free

9   of legal error and supported by substantial evidence in the record.  IT IS THEREFORE

10  ORDERED that a judgment be entered affirming the Commissioner's final decision and

11  dismissing this action with prejudice.

12

13  DATED:  September 2, 2008            _____/s/  Arthur Nakazato_____

14                                      ARTHUR NAKAZATO
                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28